RE: ANTONIO GADDIS                                    CHAPTER 13
                                                      CASE NO. 17-43149
                                                      JUDGE MCIVOR


_____/

## Debtor's Chapter 13 Confirmation Hearing Certificate

At the next confirmation hearing in this case, the debtor intends to:

1. \_\_x\_ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. \_x\_\_ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

Trustee objections requested:
P&L indicated $450 increase monthly in recent records; and rental income was overstated by $50;
Hence best effort should be increased by net of $400 from 478.98 mo to 878.98 mo, set forth in OCP

Declaration of in home family rent filed 4-10-17

Amended Liquidation Analysis filed 4-25-17

When questioned at the 341 Meeting about any DSO obligation, debtor candidly testified that over a decade ago, he may have had a child support obligation for a child with his wife, with whom he has resided now for over 10 years. Upon checking in person with the Wayne County Friend of Court on 4-25-17 he was advised that they have no outstanding child support account for him.

/s/ Mark McLoughlin
_____
211 W Fort #1616
Detroit MI 48226
313 962 9798
Mcloughlin.law@gmail.com
P29266